Filed 2/2/15  P. v. Brewer CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>VINCENT DURAY BREWER,<br><br>Defendant and Appellant. | F067886<br><br>(Fresno Super. Ct. No. F12903226)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Denise Lee Whitehead, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Cornell, J. and Poochigian, J.

## INTRODUCTION

After a jury trial, appellant/defendant Vincent Duray Brewer was convicted as charged of second degree burglary (Pen. Code, § 460, subd. (b)),[1] and admitted he had two prior strike convictions (§ 667, subds. (b)–(i)) and three prior prison term enhancements (§ 667.5, subd. (b)). He was sentenced to the upper term of three years, doubled to six years as the second strike sentence, plus one year for the enhancement. The court ordered the remaining enhancements stricken.

On appeal, his appellate counsel has filed a brief which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

On or about April 20, 2012, Sokha Leng purchased a residence on South Minnewawa, in a rural area of Fresno County, in a foreclosure sale.[2] The house was on a three-acre parcel that was reached through a driveway gate off the main road.

As of May 2, 2012, the Lengs had not moved into the house, and they were not living there, but the "For Sale" sign had been removed. There was a large shed adjacent to the house, and Leng stored a Mercedes and some other personal property inside the shed. The Lengs kept the residence and shed locked. The driveway gate was closed, but it was not locked. The property was fairly well maintained.

Around 5:00 p.m., Leng and his wife arrived at the property in separate cars. The driveway gate was closed. Leng opened it, and they drove through to the house. A white Honda was parked near the shed. The shed's large roll-up door was closed. However, a smaller shed door was open. The window had been pushed out and removed from that door, and placed on the ground.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] On cross-examination, Leng admitted he had a prior conviction for theft in 1985.

Leng walked into the shed and saw a man going through the trunk of the Mercedes. He had cut the wires and torn the car's amplifier from the trunk. Leng yelled at the man. Another man suddenly appeared from the driver's side of the Honda. Leng later identified this man as defendant.

Leng asked the men what they were doing. Defendant and his accomplice replied, "Nobody was supposed to be here." Leng told his wife to call the sheriff. Both men said he did not need to call the sheriff. The two men walked toward Leng, and he backed away.

Defendant and his accomplice ran back to the white Honda. Leng believed they did not take any of his property with them. Defendant's accomplice got into the driver's seat, and defendant also got into the car. The Honda tried to drive away, but Leng's car blocked the driveway. The Honda backed into a bush, drove around Leng's car, and reached the main road. Leng got into his car and tried to follow the Honda but lost sight of it.

With the assistance of the sheriff's department helicopter, deputies found defendant and his accomplice walking along a ditch bank near an apartment complex. The Honda was parked near their location in a carport at the apartment complex. A bush was stuck under the rear bumper. Defendant gave a false name and birth date.[3] Leng was taken to the location and identified defendant.

A deputy asked defendant what he had been doing. Defendant said he and a friend went to a house on Minnewawa because they thought it was abandoned. Defendant said a third party told him about the abandoned house, but he did not know that person's name. Defendant said they were going to take property that they also believed was

---

[3] According to the probation report, defendant had a lengthy criminal record and violated parole on five separate occasions. At the time of this offense, he had absconded from parole.

abandoned. They went into the shed through an unlocked door and saw the Mercedes and some boxes. They were looking through the things when someone arrived and asked what they were doing there. Defendant told the man that they thought the property was abandoned and apologized for being there. The man said he was going to call the police, and defendant told him to go ahead. Defendant said they drove away and realized the helicopter was flying above them. They parked the vehicle and walked away.

The deputy asked defendant if he thought it was strange to find a Mercedes in the shed. Defendant said it was not strange because he "sees it all the time." The deputy asked defendant why he did not wait for the officers to arrive since he thought the property was abandoned. Defendant said he did not want to be contacted by the officers. The deputy said he was going to do a fingerprint analysis on a mobile identification device. Defendant then gave his true name and birth date.

Defendant was arrested and taken to the sheriff's substation. He was advised of the *Miranda*[4] warnings and agreed to answer questions. Defendant said he was homeless and unemployed. He heard about an abandoned house on South Minnewawa, and thought there was property that was "up for grabs" that he could take and sell. Defendant refused to explain how he heard about it. Defendant said he entered the shed through an open door. Defendant said he was looking for property that he could take. He tried to remove speakers and a stereo from the car. Defendant said a man arrived and asked what they were doing. Defendant said he apologized and thought the house was abandoned. Defendant and his friend left without taking anything. They drove to an adjacent neighborhood and walked away from their car when they saw the helicopter.

---

[4] *Miranda v. Arizona* (1966) 384 U.S.436

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on January 29, 2014, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.